UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ANNE RICHMOND, )
)
        Plaintiff )
)
  vs. ) CAUSE NO. 2:12-CV-243 RM
)
OFFICER DAVID SWINFORD, et al., )
)
        Defendants )

OPINION and ORDER

Anne Richmond's claims relate to a November 2010 incident. Officers David Swinford and Joseph Cinko of the Dyer, Indiana, Police Department were summoned to Ms. Richmond's home by her son to assist with what was reported to officers to be a domestic disturbance involving an elderly person with a possible mental condition. Compl., ¶¶ 3, 7. Fire department emergency medical technicians also were called to scene. Compl., ¶ 8. Ms. Richmond says she met the officers outside her home and Officer Swinford asked her to get into his car so they could talk about the situation. Compl., ¶¶ 7, 8, 11. Ms. Richmond alleges that when she declined to get into his car, Officer Swinford "forcibly grabbed [her], brought her left arm behind her back and took her to the ground, an action in which Officer Cinko assisted, holding her right arm and pushing her shoulder down. As [she] was being taken to the ground, a loud pop was heard. [She] landed on the ground,

writhing and screaming in pain, her upper left forearm having been broken in numerous places." Compl., ¶¶ 11, 12.

Ms. Richmond claims Officer Swinford knew from his earlier visits to her home that she suffered episodes of mental illness, and he "knew from prior training that extensive patience is required in dealing [with] individuals who appear to be mentally ill, and that threats and force should not be employed unless the situation poses an immediate danger to the officers or other persons." Compl., ¶¶ 14, 15. Ms. Richmond insists she didn't threaten the officers or the emergency medical technicians at the scene, she didn't have a weapon, she didn't touch any of the officers, and she presented no physical danger to anyone at the time Officers Swinford and Cinko took her to the ground. Compl., ¶¶ 16, 17. According to Ms. Richmond, the officers had no warrant for her arrest, no probable cause to arrest her, and no legal cause to seize her person, Compl., ¶ 19, and before the officers grabbed her, neither of them told her she was under arrest or that she would have to be handcuffed. Compl., ¶ 18.

Ms. Richmond claims Officers Swinford and Cinko violated her Fourth Amendment rights by using unreasonable and excessive force against her. Compl., ¶ 21. She says the officers' actions resulted in her suffering a broken upper left arm, related nerve damage, extensive loss of the use of her left arm and hand, pain and suffering, emotional anxiety, mental trauma, humiliation, fear, stress, and permanent injury and disfigurement. Compl., ¶ 21. Ms. Richmond's complaint

2

under 42 U.S.C. § 1983 against the Town of Dyer, Richard Quinn, Dyer's Chief of Police, Officer David Swinford, and Officer Joseph Cinko includes claims of excessive force (Swinford and Cinko), failure to adequately and properly investigate citizen complaints of police misconduct (Town of Dyer), battery (Swinford and Cinko), willful and wanton battery (Swinford), false arrest (Swinford), and a claim that the Town of Dyer is liable for the actions of Officers Swinford and Cinko under a respondeat superior theory, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Indiana law. Ms. Richmond is seeking compensatory and punitive damages, fees, and costs; she represents that she complied with the notice requirements of the Indiana Tort Claims Act prior to filing suit. Compl., ¶ 34.

The defendants have moved to dismiss Ms. Richmond's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The defendants say Ms. Richmond isn't entitled to the relief she seeks on her Fourteenth Amendment claims; collateral estoppel bars the false arrest claim against Officer Swinford; Officers Swinford and Cinko are immune from liability under the Indiana Tort Claims Act on the state law battery and false arrest claims; if the battery and false arrest claims are dismissed, the Town of Dyer can't be liable under a respondeat superior theory; and punitive damages aren't available from governmental entitles or employees. In response, Ms. Richmond agrees that her claims under the Fourteenth Amendment and for

punitive damages should be dismissed, but objects to dismissal of her state law battery claims against Officers Swinford and Cinko and her respondeat superior claim against the Town of Dyer. Ms. Richmond also asks that she be allowed to amend her false arrest claim to a claim for malicious prosecution.

*Motion to Dismiss Standard*

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint, or a portion of a complaint, that states no claim upon which relief can be granted. When deciding a Rule 12(b)(6) motion, the court must accept "the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011). The court must draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Under the pleading standard of Federal Rule of Civil Procedure 8(a), a complaint needn't

4

contain "detailed factual allegations," but the complaint's allegations "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atl. v. Twombly, 550 U.S. at 555.

*Fourteenth Amendment Claims*

As the defendants note, "*all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" Graham v. Connor, 490 U.S. 386, 395 (1989) (emphasis in original). In contrast, the Fourteenth Amendment's Due Process Clause protects pretrial detainees from excessive use of force. Forest v. Prine, 620 F.3d 739, 744 (7th Cir. 2010); Lewis v. Downey, 581 F.3d 467, 473 (7th Cir. 2009). Ms. Richmond's allegations relate to actions surrounding her arrest, so her claims are governed by Fourth Amendment standards. The defendants' motion to dismiss her claims under the Fourteenth Amendment will be granted.

*False Arrest*

Ms. Richmond alleges in her complaint that Officer Swinford, while acting within the his scope of his employment (Count 6) and "under color of law" (Count 8), arrested her for disorderly conduct based on false statements he made in

5

support of probable cause. The defendants say Ms. Richmond's false arrest claims should be dismissed on collateral estoppel grounds and because her claims challenge the validity of her conviction for resisting law enforcement. In response, Ms. Richmond asks that she be permitted to reframe her false arrest claims as ones for malicious prosecution.

Ms. Richmond appears to concede that her false arrest claims should be dismissed. More importantly, she hasn't alleged a lack of probable cause for her simultaneous arrest for resisting law enforcement. "[P]robable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." Holmes v. Village of Hoffman Estates, 511 F.3d 673, 682 (7th Cir. 2007). Thus, Ms. Richmond's arrest (and subsequent conviction) for resisting law enforcement based on the same actions here at issue precludes her claims for false arrest. *See* Holm v. Clark, No. 11 C 1798, 2012 WL 1015956, at *4 (N.D. Ill. Mar. 23, 2012) ("Because there was probable cause to arrest Daniel for aggravated assault, there is no need to determine whether the arrest was independently justified by probable cause on the disorderly conduct charge."). The defendants' motion to dismiss Counts 6 and 8 will be granted.

*Indiana Tort Claims Act*

Officers Swinford and Cinko assert that because they were employees of a governmental entity acting within the scope of their employment during the time of the incident, the Indiana Tort Claims Act shields them from liability on Ms. Richmond's state law battery claims. Indiana's Tort Claims Act, IND. CODE § 35-13-3-1 *et seq.*, controls claims brought against governmental entities and their employees. The Act limits a plaintiff's ability to sue a governmental employee, but also provides that "[a] lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." IND. CODE § 34-13-3-5(c). A plaintiff who sues a government employee "cannot merely allege wrongdoing in order to defeat the protections afforded under the [Indiana Tort Claims Act] but must assert a reasonable factual basis supporting any allegations of the aforementioned acts." Perrey v. Donahue, 703 F. Supp. 2d 839, 857 (N.D. Ind. 2010).

Ms. Richmond alleges that Officers Swinford and Cinko, while acting within the scope of their employment as officers of the Town of Dyer, used unreasonable and excessive force that broke her arm and that their actions amounted to a battery under Indiana law. Ms. Richmond's allegations are sufficient to state a claim under the Indiana Tort Claims Act. Ms. Richmond specifically alleged that

Officer Swinford's actions were "willful and wanton," and while she might not have used a term listed in Indiana Code § 34-13-3-5(c) with respect to Officer Cinko, her allegation that Officer Cinko used unreasonable and excessive force which resulted in a broken arm contains a reasonable factual basis to suggest criminal,[1] malicious,[2] or willful and wonton conduct.[3] *See* Wilson v. Isaacs, 929 N.E.2d 200, 203 (Ind. 2010) ("If an officer uses unnecessary or excessive force, the officer may commit the torts of assault and battery.").

The defendants argue that because even willful and wanton conduct or an intentional criminal act can fall within the scope of a person's employment and Ms. Richmond's claims against Officers Swinford and Cinko relate to actions they took while acting as Dyer police officers, they are entitled to immunity from suit. The court can't agree. Accepting as true Ms. Richmond's version of the facts as the court must do at this stage of the proceedings, the complaint's allegations are sufficient to support a claim under Indiana's Tort Claims Act. The defendants' motion to dismiss Counts 4 and 5 will be denied.

---

[1] *See* Indiana Code § 35-42-2-1 (defining the crime of battery as the knowing or intentional touching of another person in a rude, insolent, or angry manner, which becomes a Class A misdemeanor if bodily injury results).

[2] *See* BLACK'S LAW DICTIONARY 969 (7th ed. 1999) (defining "malicious" as "substantially certain to cause injury; without just cause or excuse," and a "malicious act" as "[a]n intentional, wrongful act performed against another without legal justification or excuse").

[3] *See* BLACK'S LAW DICTIONARY 1593-1594 (7th ed. 1999) (defining "willful and wanton misconduct" as "[c]onduct committed with an intentional or reckless disregard for the safety of others, as by failing to exercise ordinary care to prevent a known danger or to discovery a danger. – Also termed *willful indifference to the safety of others*.").

8

*Respondeat Superior*

"Under the doctrine of respondeat superior, an employer is liable for the acts of its employees which were committed within the course and scope of their employment." City of Fort Wayne v. Moore, 706 N.E.2d 604, 607 (Ind. Ct. App. 1999). Because Ms. Richmond's battery claims against Officers Swinford and Cinko remain pending – actions Ms. Richmond says were taken while the officers were acting within the scope of their employment – her state law tort claim against the Town of Dyer under a theory of respondeat superior survives. *See* Laffoon v. City of Portage, No. 2:09-CV-103, 2011 WL 2293331, at *11 (N.D. Ind. June 8, 2011) ("[B]ecause excessive force claims fall outside the scope of law enforcement immunity under Indiana law, the statutory law enforcement immunity does not shield the City of Portage from Laffoon's battery claim."); Wilson v. Isaacs, 929 N.E.2d 200, 204 (Ind. 2010) ("the law enforcement immunity of the Indiana Tort Claims Act does not shield the government from liability for excessive force by police"). The defendants' motion to dismiss Count 7 must be denied.

*Conclusion*

Based on the foregoing, the court GRANTS in part and DENIES in part the defendants' motion to dismiss [docket # 15] as follows:

(a) the motion is GRANTED as to all claims Ms. Richmond is asserting as violative of the Fourteenth Amendment to the United States Constitution;

(b) the motion is GRANTED as to Counts 6 and 8 of the plaintiff's complaint and those counts are DISMISSED; and

(c) the motion is DENIED in all other respects.

The court AFFORDS the plaintiff until December 24 within which to file any motion to amend the complaint. The court also AFFORDS the defendants to and including December 24 to file a dispositive motion on the issue of qualified immunity and GRANTS their motion to stay discovery [docket # 29] pending resolution of that issue.

SO ORDERED.

ENTERED:   November 26, 2012


　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Judge, United States District Court