**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| ANNE RICHMOND,            ) | |
|      Plaintiff,        ) | |
|                     ) | |
| v.                  ) | CAUSE NO.: 2:12-CV-243-RLM-PRC |
|                     ) | |
| OFFICER DAVID SWINFORD, individually, et al.,) | |
|      Defendants.        ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Amended Complaint [DE 48], filed by Plaintiff on January 9, 2013. Defendants filed a response on January 23, 2013, and Plaintiff filed a reply on January 28, 2013.

**PROCEDURAL BACKGROUND**

On June 27, 2012, Plaintiff filed a Complaint against Defendants Officer Joseph Cinko in his individual capacity, Dyer Chief of Police Richard Quinn in his official capacity, Officer David Swinford in his individual capacity, and the Town of Dyer, Indiana, alleging various state law tort claims as well as claims under 42 U.S.C. § 1983 for alleged constitutional violations under the Fourth and Fourteenth Amendments.

On September 17, 2012, Defendants filed a Motion to Dismiss and an Answer and Affirmative Defenses. Defendants sought dismissal of Plaintiff's Fourteenth Amendment claims, false arrest claims (both state law and § 1983), state law claims, and respondeat superior claims.

On November 26, 2012, the Court issued an Opinion and Order, granting in part and denying in part the Motion to Dismiss. The Court dismissed Plaintiff's Fourteenth Amendment and false arrest claims (Counts 6 and 8) and afforded Plaintiff until December 24, 2012, to "file any motion to amend the complaint."

On December 13, 2012, Plaintiff filed an Amended Complaint without first seeking leave of Court. On December 27, 2012, Defendants filed a Motion to Strike Plaintiff's Amended

Complaint on the basis that it was filed without leave of Court. On January 9, 2013, Plaintiff filed a Response to the Motion to Strike as well as the instant Motion for Leave to File Amended Complaint with the proposed Amended Complaint attached. On January 10, 2013, the Court issued an Order striking Plaintiff's Amended Complaint and construing Plaintiff's response brief as a memorandum in support of the Motion for Leave to File Amended Complaint.

Plaintiff's proposed Amended Complaint removes any reference to the Fourteenth Amendment, adds several additional facts to support her excessive force claim, and reframes her false arrest allegations as a claim for malicious prosecution against Officer Swinford based upon her belief that Officer Swinford falsified the probable cause affidavit to support the disorderly conduct charge filed against her.

## ANALYSIS

Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides, in part:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, because the time for Plaintiff to amend her Complaint as a matter of course has expired, Plaintiff seeks leave of Court to file the amendment. The United States Supreme Court explained the term "freely give" as follows:

In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

2

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).  The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6).  *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).  The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court.  *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).  Defendants object to Plaintiff's proposed Amended Complaint on several grounds.  The Court considers each in turn.

### A.  Fourth Amendment Unreasonable Search and Seizure

On November 26, 2012, the Court dismissed Plaintiff's state law and § 1983 false arrest claims.  Although Plaintiff does not use the term "false arrest" in her proposed Amended Complaint, Defendants note that Plaintiff makes the following three allegations:  "Officers Swinford and Cinko unreasonably seized the person of Anne Richmond ("Anne"), using excessive force and violating her rights under the Fourth Amendment to the United States Constitution," (Proposed Am. Complaint, ¶ 2); "As a direct and proximate result of the said acts [sic] officers Swinford and Cinko, the plaintiff Anne Richmond suffered the following injuries and damages: a. Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of her person; b. Loss of physical liberty . . . ," (*Id*. at ¶ 25); and "These actions of officers Swinford and Cinko violated the following clearly established and well settled federal constitutional rights of Anne Richmond:  a. Freedom from the unreasonable seizure of her person . . . ," (*Id*. at ¶ 26).  Defendants contend that Plaintiff may be reasserting a § 1983 false arrest claim through this language by alleging that the officers' actions in seizing Plaintiff constituted an unreasonable seizure under the Fourth Amendment.  Defendants argue that allowing

Plaintiff to include claims for unreasonable search and seizure and loss of physical liberty would be futile because the Court has already determined that Plaintiff's § 1983 false arrest claims are barred.

In her reply brief, Plaintiff does not argue that she is asserting a claim for unreasonable search and seizure or that she is attempting to reassert her § 1983 false arrest claims. Rather, Plaintiff's reply brief treats these allegations as made in support of her excessive force claim.[1] This is also the Court's reading of these allegations. *See, e.g., Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012) ("For Phillips to be entitled to judgment as a matter of law, the officers must have used excessive force in arresting Phillips in violation of her Fourth Amendment right to be free from unreasonable searches and seizures.").

Nevertheless, out of an abundance of caution, to the extent Plaintiff may be attempting to allege a claim for unreasonable search and seizure under the Fourth Amendment other than in support of her excessive force claim in the identified portions of paragraphs 2, 25, and 26, the Court denies the Motion to Amend to this extent only and directs Plaintiff to remove all allegations of an unreasonable search and seizure from her Amended Complaint that are not made solely in support of her excessive force claim.

### B. Malicious Prosecution

Defendants oppose Plaintiff's addition of a claim of malicious prosecution in the proposed Amended Complaint, arguing that Plaintiff failed to provide notice of the claim as required by the Indiana Tort Claims Act and that Plaintiff's malicious prosecution claim would be futile because Officer Swinford is entitled to immunity under the ITCA.

---

[1] Plaintiff suggests in her reply brief that Defendants' response brief argues that the dismissal of her false arrest claims *precludes* her excessive force claim. The Court does not read Defendants' brief as making this contention and, thus, declines to address the arguments raised in Plaintiff's reply brief on the issue.

*1.      Notice Under the Indiana Tort Claims Act*

The Indiana Tort Claims Act ("ITCA") governs tort claims against governmental entities and public employees. *Brown v. Alexander*, 876 N.E.2d 376, 380 (Ind. Ct. App. 2007). The ITCA limits a public entity's liability by barring a plaintiff's suit if the plaintiff has not first complied with the ITCA's notice requirements. *Oshinski v. N. Indiana Commuter Transp. Dist.*, 843 N.E.2d 536, 543-44 (Ind. Ct. App. 2006). The ITCA's relevant notice provisions provide, in part, that a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision and with the Indiana political subdivision risk management commission, within 180 days after the loss occurs. Ind. Code § 34-13-3-8(a). The Notice must:

> describe in short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

Ind. Code § 34-13-3-10.

Defendants argue that Plaintiff failed to provide any notice to the Town of Dyer or to Officer Swinford, prior to the lawsuit, that she was bringing a malicious prosecution claim. Plaintiff responds that her Notice of Claim dated May 13, 2011 substantially complies with the notice provision of the statute. In *Collier v. Prater*, the Indiana Supreme Court rejected the argument that the notice must include, at a minimum, the nature of the claim, the place of the injury, and the party injured, explaining that "the essence of substantial compliance is that it rejects such a formalistic approach." 544 N.E.2d 497, 500 (1989). Rather, "[t]he crucial consideration is whether the notice supplied by the claimant of his intent to take legal action contains sufficient information for the city to ascertain the full nature of the claim against it so that it can determine its liability and prepare a defense." *Id.* Plaintiff's Notice of Claim sets forth the facts of her arrest and injury on November 22, 2010, describes her physical injuries, asserts the amount of the damages sought, specifically

alleges the use of excessive force, and adds that "[f]urther, the facts, once they are fully understood, may show Sgt. Swinford and other officers engaged in an unjustified assault and battery, and effectuated a wrongful arrest, violating Anne's constitutional civil rights."  Pl. Reply, Exh. 1.[2] Defendants' response brief does not address the doctrine of substantial compliance or whether Plaintiff's Notice of Claim substantially complies with the notice provisions of the ITCA.[3]  Because this issue is not fully briefed, Defendants have not demonstrated, as is their burden in opposing the Motion to Amend, that Plaintiff's malicious prosecution claim would be futile based on a failure to comply with the notice provisions of the ITCA.

*2.    Immunity*

In her proposed Amended Complaint, Plaintiff has reframed her dismissed false arrest claim as a claim for malicious prosecution against Officer Swinford.  Therein, Plaintiff alleges that Officer Swinford arrested Plaintiff for disorderly conduct and resisting law enforcement and that he signed a falsified probable cause affidavit.  In the probable cause affidavit, Officer Swinford indicated that Plaintiff was disorderly by engaging in the following conduct: "forcefully pushing with both hands Victor Amaloo (81 years old) knocking him off his feet." Def. Resp., Exh. A.[4]  The State of Indiana later charged Plaintiff with Resisting Law Enforcement and Disorderly Conduct.[5]  On May 10, 2012, a jury convicted Plaintiff of Resisting Law Enforcement and found her not guilty of Disorderly

---

[2] Consideration of the Notice of Claim attached to Plaintiff's reply brief is proper under the instant 12(b)(6) analysis because the Notice of Claim is incorporated by reference in the proposed Amended Complaint at paragraph 38. *See United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991).

[3] Although Defendants cite *Gutierrez v. City of Indianapolis*, 2012 WL 3308994, – F. Supp. 2d – (S.D. Ind. 2012), for the general principles of the ITCA notice requirement, Defendants do not discuss the case's treatment of the doctrine of substantial compliance nor do Defendants apply the case or the doctrine to the specifics of Plaintiff's Notice of Claim.

[4] Consideration of the probable cause affidavit attached to Defendants' response brief is proper because it is incorporated by reference in the proposed Amended Complaint at paragraph 45.  *See Wood*, 925 F.2d at 1581-82.

[5] The Court can take judicial notice of matters of public record.  *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

Conduct.  The malicious prosecution claim is based on Plaintiff's allegation that Officer Swinford falsified the portion of the probable cause affidavit in which he indicated that Plaintiff had pushed her 81-year old father off his feet.  Plaintiff alleges that Officer Swinford's "swearing out a false probable cause affidavit against [Plaintiff] for disorderly conduct was *done outside the scope of his employment* with the Town of Dyer, was willful and wanton, done with malice, fraud, gross negligence or oppressiveness, and done with the intent of justifying his own unreasonable use of force."  Proposed Am. Compl. ¶ 49 (emphasis added).

Defendants argue that Officer Swinford would be entitled to immunity under the ITCA for all malicious prosecution claims or any related claim that he impermissibly initiated a judicial or administrative proceeding against Plaintiff.  Under the ITCA, a governmental entity and its employees acting within the scope of the employee's employment are immune from liability for the "initiation of a judicial or an administrative proceeding."  Ind. Code § 34-13-3-3(6); *see also Livingston v. Consol. City of Indianapolis*, 398 N.E. 2d 1302 (Ind. Ct. App. 1979) (holding that this language of the ITCA confers immunity upon police officers in actions for malicious prosecutions); *Norris by Norris v. Bd. of Educ. of Greenwood Cmty. Sch. Corp.*, 797 F. Supp. 1452, 1461 (S.D. Ind. 1992) ("Indiana allows liability for some kinds of torts, but has expressly excluded liability for the tort of malicious prosecution.").

In reply, Plaintiff notes that paragraph 49 of the proposed Amended Complaint explicitly alleges that Officer Swinford's conduct "was done outside the scope of his employment with the Town of Dyer, was willful and wanton, done with malice, fraud, gross negligence or oppressiveness, and done with the intent of justifying his own unreasonable use of force."  Proposed Am. Compl. ¶ 49.  She contends that, on its face, her proposed Amended Complaints makes plausible allegations that Officer Swinford acted out of self interest and maliciously in initiating criminal charges against her.  The Indiana Supreme Court has held that "'conduct . . . of the same general nature as that

7

authorized, or incidental to the conduct authorized,' is within the employee's scope of employment." *Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) (quoting *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000)).  Moreover, "[w]hether the tortious act of an employee is within the scope of employment is a question of fact."  *Id.*[6]  At this stage of the litigation, based on the arguments asserted by the parties and taking the allegations of the proposed Amended Complaint as true, Defendants have not demonstrated that Plaintiff's claim would be futile for failing to state a claim of malicious prosecution against Officer Swinford based on an immunity defense under the ITCA.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part and Denies in part** the Motion for Leave to File Amended Complaint [DE 48] and **ORDERS** Plaintiff to **FILE** the Amended Complaint, with any necessary modifications consistent with this ruling, on or before **February 28, 2013**.

SO ORDERED this 21st day of February, 2013.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record

---

[6] Defendants assert that willful or wanton behavior does not remove this immunity. Def. Resp., p. 8 (citing *Indiana Dep't of Corr. v. Stagg*, 556 N.E.2d 1338, 1344 n. 6 (Ind. Ct. App. 1990)). In footnote 6 of *Stagg*, the court discusses the applicability of former Indiana Code § 34-4-16.5-3(7), now found at § 34-13-3-3(8), which provides an exception to liability for loss resulting from "the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-4-16.5-3(7) (1990). This is not the provision at issue in the current case. Moreover, Defendants do not discuss the procedural posture of *Stagg*, which was the appeal after a trial of a small claims action, the full discussion by the court of the facts surrounding the issue of immunity, and that the employees were ultimately found not to be acting outside the scope of their authority because there was no evidence that they were motivated by personal animosity, there was no evidence of bad faith, and the employees conduct did not rise to the level of "outrageous conduct."